KENNEDY v. JARVIS et al.

(Supreme Court, Appellate Division, Third Department. May 6, 1908.)

1. COSTS—TERM FEE—WITNESSES' FEES—STATUTES.

A cause not at issue at a term of court is neither necessarily nor prop-
erly on the calendar, and under Code Civ. Proc. § 3251, fixing the amount
of costs, it is improper to tax a term fee or witnesses' fees for the term,
unless there is something in the case to take it out of the general rule.

2. SAME.

A cause not at issue at a term of court was placed on the calendar.
When the cause was reached for trial, it was ordered over the term on
the application of plaintiff, on the ground that it was not at issue and
improperly on the calendar. Defendants sought to recover witnesses'
fees for the term, and showed an oral arrangement with plaintiff for the
trial of the action at that term, if it could be done. It was not shown
that plaintiff's counsel knew that on the call of the calendar, the cause
was set down for trial for a designated date, or that he acquiesced there-
in. Twice before the term plaintiff's counsel had requested the service
of defendants' answers, but they had not been served when the cause
was actually reached for trial. Held, that plaintiff was not liable for a
term fee or the fees of the witnesses of defendants for that term.

**3. SAME—WITNESS' FEE FOR ATTORNEY.**

An attorney attending court as a witness for a party for whom he has rendered services which might have been performed by one not an attorney, and who did not sustain the relation of attorney to the action, within Code Civ. Proc. § 3288, providing that an attorney in an action is not entitled to a fee for attending as a witness therein in behalf of his client, is entitled to witness' fees, and the same are properly taxed against the adverse party on his being defeated in the action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Costs, § 726.]

Appeal from Special Term, Fulton County.

Action by George W. Kennedy against Julia Jarvis and others. From an order denying in part a motion for a new taxation of costs, on the dismissal of the case, with costs, plaintiff appeals. Modified and affirmed.

After the cause was at issue the plaintiff died. The present plaintiff was substituted by an order entered May 7, 1907. Such order further provided for the service on the defendants within 10 days of a supplemental summons and complaint, and that the defendants might then plead as they might be advised. On the same day service was made on the defendants of such supplemental summons and complaint. No pleading was interposed by the defendant Julia Jarvis. The defendants Wallace Kathan and Caroline Kathan served answers, respectively, on May 24th and May 25th. The cause was placed on the calendar for the Saratoga Trial Term beginning May 20th. On the call of the calendar it was set down for trial for May 23d. The respondents Wallace Kathan and Caroline Kathan subpœnaed witnesses, and on May 24th the cause was reached for trial, when, on application of the plaintiff, it was ordered over the term on the ground that it was not at issue and improperly on the calendar. At the Trial Term in October, 1907, the cause was dismissed with costs, the plaintiff not being in readiness for trial. Costs were taxed by the respondents, including a term fee for the said May term and witnesses' fees amounting to $68.26 for said term. There was also taxed an item of $16.10 for the fees of Jacob I. Gotthelf as a witness for the October term; the appellant claiming in opposition thereto that he was an attorney and counselor at law, and that he did not attend said term in the capacity of a witness. The Special Term disallowed certain items taxed by the county clerk, but allowed the items above mentioned.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Edgar T. Brackett (Benjamin P. Wheat, of counsel), for appellant.
Rutherford W. Kathan (W. E. Bennett, of counsel), for respondents.

COCHRANE, J. The cause not being at issue when the May term was held, it was neither necessarily nor properly on the calendar for that term. Code Civ. Proc. § 3251. Unless there is something in the case to take it out of the general rule, it was clearly improper to tax a term fee or witnesses' fees for that term. The respondents seek to avoid the application of such general rule because of an understanding with counsel for plaintiff, to the effect that the cause would be placed in readiness for trial and tried at the May term, and that, relying on such understanding, they prepared for trial and subpœnaed witnesses for said term. Counsel for plaintiff says in an affidavit that a conversation was had before the order of substitution was made, in which conversation it was stated:

"That if they could get an order of substitution, and the new pleadings ready and both parties be able to get ready for trial, that a trial at said May

term would be agreeable to both, but it was further distinctly stated and understood between said parties that neither party would be understood as putting himself in a position to be forced to trial, or of promising to try said case at said term."

No agreement in writing was made as required by Supreme Court rule 11, and this controversy resulting from such alleged oral agreement which may more properly be called an oral disagreement demonstrates the wisdom of the rule requiring agreements of attorneys to be reduced to writing.

I do not think, however, from the version of the negotiations as given by the respondents' counsel that the latter was entirely blameless in incurring these disbursements for the May term. It frequently happens that counsel on different sides of a cause indulge in expressions of a desire to dispose of such cause at an approaching term of the court, and of an intention to do so if possible. I cannot discover from the affidavit of respondents' counsel that counsel for the appellant did anything more. That affidavit states that several conversations took place "and that it was talked and agreed * * * that the action should be tried at said term of court held in Saratoga county on the 20th day of May, 1907, if it could be done, and that said defendants Kathans' answers to said supplemental complaint might be served at any time before their time to answer had expired after the service of said supplemental complaint and the cause was set down for trial on the call of the calendar of said court on the opening day thereof for the 23d day of May, 1907." Here was no unqualified agreement to try the case at said term. It does not clearly appear that plaintiff's counsel knew that on the call of the calendar the cause was set down for trial for the 23d of May, or that he acquiesced therein. The order for the substitution of the plaintiff had been opposed by the respondents. At least twice before the May term plaintiff's counsel had requested the service of respondents' answers, but they had not been served when the cause was actually reached for trial. There was therefore nothing to try. Respondents took the unusual and irregular course of preparing for trial and subpœnaing their witnesses before serving their answers. Until an issue was formed, there was no occasion for witnesses. The respondents certainly cannot complain of plaintiff for not trying the case, when, because of their own delay and negligence, it was not in readiness for trial. They should also have known that, even if they had promptly served their answers, the cause nevertheless could not have been tried until the other defendants had either pleaded or were in default. I think the respondents should attribute their unnecessary expenditure of witnesses' fees to their own looseness of practice, rather than to the unfairness or duplicity of opposing counsel.

The fees of the witness Gotthelf for the October term were properly taxed, although he was an attorney at law and rendered services for the respondents in connection with the cause. The services were of such a nature as might have been performed by one not an attorney, and he did not sustain the relation of attorney or counsel to the action within the meaning of section 3288 of the Code of Civil Procedure.

The order should be modified so as to disallow the term and witnesses' fees for the May, 1907, term, and, as thus modified, affirmed so far as appealed from without costs. All concur.